```
CASE  16-C-1526        KANAWHA                                    PAGE   1
GREG WHEELER           vs. CRADDOCK EXPRESS OIL & LUBE, I

LINE  DATE     ACTION
  1   10/06/16  # CASE INFO SHEET; COMPLAINT; ISSUED SUM & 4 CPYS; F FEE; RCPT
  2             # 544586; $200.00
```

## IN THE KANAWHA COUNTY CIRCUIT COURT, WEST VIRGINIA

GREG WHEELER,

    Plaintiff,

v.

Civil Action No. 16-C-1526

CRADDOCK EXPRESS OIL
& LUBE, INC., a West Virginia
Corporation, MITCHELL
CRADDOCK, and EVANGELA
CRADDOCK, individually,

**Defendants**

### SUMMONS

To the above named Defendant: **MITCHELL CRADDOCK**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Mark A. Toor, Esq., counsel for Plaintiff, at 1210 Kanawha Blvd., East, Charleston, West Virginia 25301, an Answer, including any related counterclaims or defense you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your Answer within 30 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, thereafter judgment, upon proper hearing and trial, may be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim, cross claim, or defense you may have, which must be asserted in the above-styled action.

Dated: 10·6·16

Cathy S. Gatson, Clerk

_____
Clerk of the Court

By: J. Bradshaw

IN THE KANAWHA COUNTY CIRCUIT COURT, WEST VIRGINIA

GREG WHEELER, )
 )
    Plaintiff, )
 )  Civil Action No. 16-C-1526
v. )
 )  Bloom
CRADDOCK EXPRESS OIL )
& LUBE, INC., a West Virginia )
Corporation, MITCHELL )
CRADDOCK, and EVANGELA )
CRADDOCK, individually, )
 )
    Defendants )

## COMPLAINT

Plaintiff, Greg Wheeler, ("Plaintiff") brings this action to recover wages for unpaid overtime under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201, *et seq.*) (hereafter referred to as "the Act" or "FLSA"). In addition, Plaintiff brings claims for wrongful discharge in violation of a substantial public policy and for conversion.

### Jurisdiction

1. Subject matter jurisdiction over this action is conferred on this court by Section 16 of the Act (29 U.S.C. §216).

2. Plaintiff is a resident of Kanawha County and a former "Employee" of Defendants as that term is defined in the Act (29 U.S.C. §203(e)).

3. Defendant Craddock Express Oil & Lube, Inc., ("Craddock Express") is a West Virginia corporation, is engaged in business in Kanawha County, and is an "Employer" as that term is defined in the Act (29 U.S.C. §203(d)). Individual Defendants Mitchell Craddock and Evangela Craddock are officers and/or agents of Defendant Craddock

Express, control the day-to-day operations of Craddock Express and are also each an "Employer" as that term is defined in the Act (29 U.S.C. §203(d)).

4. Upon information and belief, Craddock Express is not subject to "Enterprise Coverage" under the Act because it does not have annual sales of at least $500,000. 29 U.S.C. §203(s).

5. Plaintiff was, however, subject to "Individual Coverage" under the Act because the regular and recurring duties of his former position caused him to be engaged in Commerce as that term is defined in the Act. 29 U.S.C. §203(b).

## Background Facts (FLSA)

6. Plaintiff worked for Craddock Express and the Individual Defendants from the time Craddock Express opened its doors for business in 2004 until he was physically assaulted by Individual Defendant Mitchell Craddock ("Mitchell") and constructively discharged in late April 2016.

7. Although called a "manager" by Craddock Express and the Individual Defendants, the actual job duties engaged in by Plaintiff never met any of the criteria or conditions necessary to exempt him from the minimum wage/maximum hour requirements of the Act (29 U.S.C. §213).

8. Throughout the entirety of his employment tenure with Defendants, Plaintiff was consistently paid an annual salary divided into equal installments paid every two weeks over the course of a calendar year with no premium pay or enhancement for hours over forty (40) worked in any one workweek.

9. Throughout the tenure of his employment, Plaintiff consistently worked in excess of forty (40) hours in any one workweek without being paid compensation on an hourly basis at one and one-half times his regular hourly rate for all such hours worked.

10. Defendants never recorded actual hours worked by Plaintiff—nor did they require Plaintiff himself to record actual hours worked—at any time during the tenure of Plaintiff's employment in violation of the terms of the Act. 29 U.S.C. §211(c).

## FLSA Coverage/Jurisdictional Facts

11. Other than Individual Defendant Mitchell Craddock, Plaintiff was the only regular, full-time employee of Craddock Express. Upon information and belief, the annual revenue of Craddock Express has never exceeded $500,000.

12. In the context of his work for Craddock Express, Plaintiff was engaged in Commerce as defined by the FLSA by virtue of his work-required contacts with suppliers and vendors in states other than West Virginia. Specifically, and as a regular, customary and necessary part of his duties, Plaintiff frequently dealt with (among others):

    a. Enterprise Fleet Management, Cincinnati, Ohio;

    b. Wheels, Inc., Fleet, Des Plains, Illinois;

    c. GE Capital Fleet Services, Sparks, Maryland;

    d. Apollo Oil LLC, Winchester, Kentucky;

    e. Grassy Auto Parts, Liberty, Kentucky, and;

    f. Auto Parts Outlet, Randolph, Massachusetts.

13. The nature of Plaintiff's work in Commerce involved both the movement of goods in interstate commerce as well as arranging for services to be conducted within West Virginia upon orders from individuals located outside of the state.

14. None of Plaintiff's work in Commerce was *de minimus* in nature and, in fact, all such interstate work was a necessary component of his regular work duties. For example, Plaintiff was required to order oil and other lubricants regularly used in the day-to-day operations of Craddock Express from Apollo Oil in Winchester, Kentucky, no less frequently than every two weeks throughout his tenure with Craddock Express.

15. By virtue of the regular, consistent and necessary interstate contacts and interstate provision of supplies and materials, Plaintiff is an Employee within the meaning of the FLSA through Individual Coverage.

### Background Facts (Other Claims)

16. In April 2016, Plaintiff had begun repair work on a customer's General Motors vehicle that was in need of a new ignition switch. Upon information and belief, the vehicle's faulty ignition switch was an as-yet unreplaced ignition switch that was the subject of a mass and widely-known recall by GM.

17. Plaintiff advised Defendant Mitchell of his belief regarding the recall status of the faulty ignition switch and further advised him the vehicle would need to be transferred to a GM dealer for the recall repair.

18. Defendant Mitchell replaced the ignition switch and charged the customer for the parts/labor rather than allowing the car to be taken to a GM dealer for the recall repair.

19. When Plaintiff confronted Defendant Mitchell about his conduct contrary to the customer's best interests, Defendant Mitchell lunged at Plaintiff and physically grabbed him by the throat.

20. Defendant Mitchell's physical assault and battery of Plaintiff caused Plaintiff temporary yet significant physical pain and longer-lasting but no less significant emotional pain (fear, worry, anxiety, etc.). That conduct also exceeded any reasonable bounds of decency and was extreme, outrageous, deliberately threatening in nature and intended and designed to instill fear and emotional distress in Plaintiff.

21. That conduct by Defendant Mitchell also caused Plaintiff's constructive discharge on April 27, 2016; Plaintiff did not return to work for fear he would be assaulted again by Defendant Mitchell.

22. Two weeks after the assault, Plaintiff returned to Craddock Express in hopes of retrieving items of personal property (his tools) still in Defendant Mitchell's possession. Defendant Mitchell refused to respond to Plaintiff's request that he return his personal property.

23. While in Defendant Mitchell's office, Plaintiff viewed his forged signature in recent entries in an official log maintained by Craddock Express for all State of West Virginia vehicle inspections conducted by the business.

24. Plaintiff is permitted by the West Virginia Division of Motor Vehicles to conduct required state vehicle inspections; Defendant Mitchell is not. At all times during the tenure of Plaintiff's employment, Craddock Express conducted state required vehicle inspections under the authority of Plaintiff's permit.

25. Upon information and belief, the Individual Defendants are engaged in a conspiracy to defraud customers and the State of West Virginia by fraudulently using Plaintiff's permit and forged signature to conduct vehicle inspections.

## Causes of Action

26. Individual Defendant Mitchell's conduct in his conversion of Plaintiff's property to his own use without authority or compensation is tortious and has caused Plaintiff damages in an amount not yet determined.

27. Individual Defendant Mitchell's physical assault and battery against Plaintiff amounts to the intentional infliction of extreme emotional distress and has caused Plaintiff damages in an amount not yet determined.

28. The Individual Defendants and Craddock Express discharged Plaintiff in violation of a substantial public policy—or in retaliation for Plaintiff's objections to Defendants' patterns of the violations of substantial public policy—as expressed in a variety of statutes relating to the following conduct:

   a. Engaging in a criminal and physical assault and battery of Plaintiff in the course of and resulting from his employment;

   b. Engaging in a fraudulent scheme to charge a customer for repair work that was otherwise the subject of a free repair resulting from national recall;

   c. Falsifying official state records by engaging in the fraudulent use of Plaintiff's permit to conduct state required vehicle inspections;

   d. Other conduct violative of substantial public policies.

29.  Craddock Express and the Individual Defendants knowingly misclassified Plaintiff as a salaried employee so as to deliberately save themselves the expense of paying him overtime hourly rates and resulting in significant economic damages to Plaintiff.

30.  Craddock Express and the Individual Defendants negligently misclassified Plaintiff as a salaried employee resulting in saving themselves the expense of paying him overtime hourly rates and resulting in significant economic damages to Plaintiff.

31.  As a result of the misclassification of Plaintiff by Defendants, Plaintiff has suffered damages by way of lost overtime wages, liquidated damages and attorney fees.

**WHEREFORE**, having stated his complaint against Defendants for various causes of action, Plaintiff seeks relief and judgment from Defendant as follows:

a.  An order entered pursuant to 29 U.S.C. §216(b) finding Defendant liable to Plaintiff for all damages he has suffered as the result of his misclassification and any resulting denial of overtime wages he should have received; liquidated damages in an amount equal to his actual damages, and; attorney fees, costs and interest associated with the pursuit of this action. Plaintiff seeks damages incurred over a period of three years predating the filing of this Complaint under 29 U.S.C. §255 for the willful violations of the Act;

b.  A finding that Craddock Express and the Individual Defendants are liable to Plaintiff for damages associated with their conversion of his private property to their use;

c.  A finding that Craddock Express and the Individual Defendants knowingly and intentionally imposed severe emotional distress on Plaintiff by the physical

assault and battery of Plaintiff by Defendant Mitchell and the resulting consequences of that action and actual and punitive damages associated with that conduct;

d. A finding that Plaintiff was wrongfully discharged in violation of a substantial public policy, thereby entitling him to damages for lost past and future wages, emotional distress, punitive damages and such other relief as the court may deem appropriate, and;

e. Such other relief as the court may deem proper.

Plaintiff demands a jury trial.

GREG WHEELER
By Counsel

Mark A. Toor (WVSB #5228)
1210 Kanawha Blvd., East
Charleston, WV 25301
304-380-2111
mark@marktoor.com